In the Matter of the Tax Appeal of PACIFIC MACHINERY, INC., Taxpayer

NO. 8020

(TAX APPEAL NO. 1875)

JUNE 30, 1982

RICHARDSON, C.J., LUM, NAKAMURA, PADGETT AND HAYASHI, JJ.

*Per Curiam.* This is an appeal from a judgment of the Tax Appeal Court in favor of the taxpayer. Section 237-20, HRS, is entitled "Principles applicable in certain situations." The last sentence of that section reads:

The reimbursement of costs or advances made for or on behalf of one person by another shall not constitute gross income of the latter, unless the person receiving such reimbursement also receives additional monetary consideration for making such costs or advances.

In *In Re Island Holidays, Ltd.,* 59 Haw. 307 at 315, 582 P.2d 703 (1978), we stated with respect to that statute:

Each sentence of the section provides a rule to be applied to a situation in which it may be unclear whether a transaction involves one or more than one taxable entity.

The parties agree that the question in this case is whether the appellee is liable for the general excise tax assessed on reimbursement received by it from Caterpillar Tractor Company for advertising expenses.

Appellee sells heavy equipment. Caterpillar manufactures some of that equipment. The court below found that under a cooperative

advertising agreement, the appellee invoiced Caterpillar for 50% of the amounts billed to the appellee by third persons for pre-approved advertising of products manufactured by Caterpillar. The court further found that the invoicing to Caterpillar did not include any costs for overhead, salaries, or other internal expenses or profit incurred by the appellee, nor were there payments for services performed in advertising Caterpillar products, or reimbursement for internal costs incurred by appellee in connection with advertising Caterpillar products.

These findings are supported by the stipulation as to facts entered by the parties. Applying the principle set forth quoted from § 237-20, HRS, we conclude that the court below was correct in concluding that appellee was not taxable on such reimbursement.

In its brief, appellant attacks findings 6, 16, 18 and 19 as being clearly erroneous. However, on analysis, that attack with respect to 6, 16 and 19 boils down to a semantical quibble. Appellant takes the position that the products advertised were Caterpillar brand products "owned and sold by the taxpayer" rather than "Caterpillar's Products." Had the court framed the phrase "Caterpillar's Products" as "Products Manufactured by Caterpillar" (which is clearly what it meant), that quibble would disappear. There is no error in those three findings of fact.

As to 18, the attack is upon the finding that the taxpayer had treated the reimbursement as a receivable due to an advancement on account of "Caterpillar's obligations to third parties." The phrasing is somewhat inept. Caterpillar had no legal obligation to third persons but it did have a legal obligation to reimburse appellee one-half of the monies it paid out to third persons on account of advertising products manufactured by Caterpillar. The difference, however, is one without a distinction as far as its effect on the law of this case goes. The conclusion that the appellee is not liable for the general excise tax upon the amounts reimbursed by Caterpillar would be correct in either event. Accordingly, the judgment below is affirmed.

*Allan S. Chock,* Deputy Attorney General, on the briefs for appellant, Department of Taxation.

*Michael A. Shea* and *C. Michael Hare (Cades, Schutte, Fleming & Wright,* of counsel) for appellee, Pacific Machinery.